UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HALEESHA WILLIAMS,

    Plaintiff,

v.                                                                                 Case. No. 12-14622
                                                                            Hon. Lawrence P. Zatkoff

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on February 26, 2014

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I.  INTRODUCTION**

Plaintiff filed this action challenging the Defendant's final denial of Plaintiff's eligibility for continuing disability benefits.  This matter currently comes before the Court on the Magistrate Judge's Report and Recommendation [dkt 16], in which the Magistrate Judge recommends that Plaintiff's Motion for Summary Judgment [dkt 12] be denied, and Defendant's Motion for Summary Judgment [dkt 14] be granted.  Plaintiff filed an objection to the Magistrate Judge's Report and Recommendation [dkt 17] and Defendant filed a response [dkt 18].

The Court has thoroughly reviewed the court file, the respective motions, the Report and Recommendation, Plaintiff's objection and Defendant's response.  For the reasons discussed below, the Court ADOPTS the Magistrate Judge's Report and Recommendation.  Plaintiff's

Motion for Summary Judgment is DENIED and Defendant's Motion for Summary Judgment is GRANTED. The Court will, however, briefly address Plaintiff's objection.

## II. LEGAL STANDARD

The Court examines an ALJ's decision to determine if the correct legal standard was used and if the findings are supported by substantial evidence. *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997). The ALJ's decision "is not subject to reversal, even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Id.* Substantial evidence is "more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989).

In determining whether the Commissioner's decision is supported by substantial evidence, the Court must examine the administrative record as a whole. *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (per curiam). The Court may not try the case de novo, resolve conflicts in evidence, or decide questions of credibility. *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007). If the Commissioner's decision was supported by substantial evidence and decided under the correct legal standard, the Court must affirm the Commissioner's decision even if it may decide the case differently, and even if substantial evidence also supports the claimant's position. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc).

## III. ANALYSIS

Plaintiff raises one objection to the Magistrate Judge's Report and Recommendation. Plaintiff alleges the Magistrate Judge erred by not recommending remand due to the ALJ's failure to make findings regarding Plaintiff's ability to meet employers' attendance and time-on-

task requirements. Plaintiff alleges that, by making no explicit finding concerning these points of the vocational expert's testimony, it is impossible to tell whether the ALJ overlooked or considered these factors in delivering his ruling. Plaintiff admits that she would have conceded substantial evidence exists in the record to support the ALJ's decision if he had had expressly found Plaintiff had the capacity to meet the attendance and time-on-task requirements testified to by the vocational expert. Plaintiff contends that the contrary is true as well, though, and that the ALJ's failure to provide explanation of his reasoning in sufficient detail warrants remand.

As correctly indicated by the Magistrate Judge, the ALJ did recount Plaintiff's testimony concerning her ability to meet employers' attendance and time-on-task requirements in his ruling. Additionally, there is substantial evidence that the ALJ considered all of the medical records and objective medical findings in the record in making his findings concerning Plaintiff's current state of impairment. Although Plaintiff may believe the Magistrate Judge's hypothetical questions to the vocational expert implied a finding that Plaintiff's condition required more than one partial absence a month, the Court finds it is clear the ALJ asked these questions simply to create a complete record for his consideration. It is also clear to the Court that the ALJ did not ignore these questions in making his final determination, and that substantial evidence exists in the record to support his ruling.

## IV. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that the Court ADOPTS the Magistrate Judge's Report and Recommendation [dkt 16]. Plaintiff's Motion for Summary Judgment is DENIED [dkt 12] and Defendant's Motion for Summary Judgment is GRANTED [dkt 15].

IT IS SO ORDERED.

Date: February 26, 2014

s/Lawrence P. Zatkoff
HON. LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE